UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KORRY DEANDRE SHEPARD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-408-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on October 26, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], filed July 2, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 16, 2018, the Commissioner filed a response, and on February 26, 2018, Plaintiff filed a reply.

**I.     Procedural Background**

On April 7, 2014, Plaintiff filed an application for benefits alleging that she became disabled on October 1, 2008. Plaintiff's application was denied initially and upon reconsideration. On July 25, 2016, Administrative Law Judge ("ALJ") Deborah E. Ellis held a video hearing at which Plaintiff, with an attorney representative, a medical expert ("ME") and a vocational expert ("VE") testified. On September 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

1

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in substantial gainful activity since October 1, 2008, the alleged onset date.

3. Through the date last insured, the claimant had the following severe impairments: dysfunction of major joints (hips), ankylosing spondylitis, and osteitis condensans.

4. The claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to perform less than the full range of sedentary work. He can lift/carry 10 pounds occasionally and less than 10 pounds frequently. He can stand/walk 2 hours in an 8-hour workday. He can sit 6 hours. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, balance, stoop, kneel, or crawl. He can push/pull as much as he can lift/carry. He can occasionally push/pull or operate foot controls with the lower extremities. He utilizes a cane to ambulate. He must change positions every 45 minutes if necessary. As a result, he would be off task a total of up to 15% of the workday. He would be absent from work one day per month.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 22 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability from October 1, 2008, the alleged onset date, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses

the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ's evaluation of whether Plaintiff's impairments met or equaled a listing was impermissibly perfunctory. The Commissioner argues that the ALJ's determination is supported by substantial evidence.

Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20 C.F.R. § 404.1525(a). The Listings first enumerate criteria necessary to establish that a claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment much reach to be considered disabling. 20 C.F.R. § 404.1525(c)(2). A claimant meets Listing 1.02 for major dysfunction of a joint if she has a "gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.02. To meet the severity of the listing for a hip, knee, or ankle dysfunction, a claimant must also show "an inability to ambulate effectively." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.02(A). In order to meet Listing 14.09(A)(1) for inflammatory arthritis, a claimant must have "[p]ersistent inflammation or persistent deformity of" a "major peripheral weight-bearing joint[] resulting in the inability to ambulate effectively." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 14.09(A)(1). Effective ambulation requires an ability to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," and the Listing provides examples of ineffective ambulation including: "the inability to walk without the use of a walker, two crutches, or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces . . . [and] the inability to carry out routine ambulatory activities, such as shopping." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.00(B)(2)(b).

In general, the claimant bears the burden of proving that his condition meets all the criteria of a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's listing

determination "must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). The ALJ found that Plaintiff's "impairment does not meet listing 1.02(A) because he can ambulate effectively" and that it did not meet listing 14.09 because "[t]he medical records do not document these severe findings" as described in the Listing.

Plaintiff argues that the evidence demonstrates that he meets the requirements of the Listings, and that the ALJ's analysis of the Listings is inadequate. Plaintiff was diagnosed with ankylosing spondylitis and chronic hip and low back pain with stiffness and limited range of motion in his hips. He reported difficulty walking and needed a cane. The ALJ did not discuss any of this evidence in his analysis of whether Plaintiff met Listing 1.02(A), although in her discussion of Plaintiff's impairments she described limitations suffered by Plaintiff as found in the medical records and noted his need of a cane and his reports of difficulties walking, but the Listing analysis does not include any description of how the ALJ came to her conclusion that Plaintiff can ambulate effectively. Likewise, the ALJ's analysis of Listing 14.09 was a single line that concludes without explaining how Plaintiff's diagnoses are severe but not severe enough to meet the listings.

The Seventh Circuit Court of Appeals requires that an ALJ thoroughly evaluate whether a claimant meets the requirements of a Listing and avoid a "perfunctory analysis." *Ribaudo,* 458 F.3d at 584. In this case, the Court concludes that the ALJ's findings that Plaintiff did not meet Listing 1.02 or 14.09 based on a rote mention of the Listing requirements is insufficient. On remand, the ALJ must assess Plaintiff's impairments and all symptoms attendant to his disorders and analyze

6

whether those symptoms satisfy a listing supported by a genuine review and application of the listing criteria, with sufficient analysis for the Court to review.

Plaintiff also argues that the ALJ erred in the weight given to his treating rheumatologist. The Commissioner argues that the ALJ properly considered the opinion.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record. *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Plaintiff's treating rheumatologist completed a residual functional capacity assessment describing Plaintiff's physical ability to perform certain job-related activities. He indicated a number of limitations and opined that Plaintiff is "currently unable to work." The ALJ gave the doctor's "opinions little weight because the medical records do not support this level of limitation." The ALJ

7

also emphasized that the physician wrote that Plaintiff was unable to work and spent several lines of her opinion pointing out that statements about disability are reserved to the Commissioner, with no specific citation to any medical evidence in the record that contradicts the rheumatologist's conclusions. "While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'"*Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) (quoting SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *see also Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."); *Punzio*, 630 F.3d at 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision.").

Not only did the ALJ fail to give controlling weight to the opinion of Plaintiff's treating rheumatologist, she did not give a thorough explanation of her decision, and did not even identify the physician's specialty or the length of the treating relationship, let alone how that specialty or the other factors she was required to consider affected his analysis of what weight to give the opinion. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the ALJ's conclusion that the opinion of Plaintiff's treating rheumatologist is unsupported by other evidence in the record.

8

Plaintiff argues that the ALJ made other errors in her decision. On remand, the ALJ is directed to fully consider Plaintiff's testimony and the entirety of the record, including adaptations to activities of daily living, address how the combination of Plaintiff's impairments limits his ability to perform work-related activities, and to fully explain how the evidence in the record supports her conclusions, including incorporating Plaintiff's cane use or explaining why it need not be included in the RFC. *See, e.g., Ross v. Barnhart*, 119 F. App'x 791, 795 (7th Cir. 2004) ("'The RFC is an assessment of what work-related activities the claimant can perform despite her limitations.' In considering a claimant's RFC, an ALJ is expected to take into consideration all relevant evidence, both medical and non-medical.") (quoting *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004)); 20 C.F.R. §§ 404.1545(a)(1), (a)(3); 416.1545(a)(1), (a)(3)). Likewise, the ALJ is also reminded that she must not rely on scant evidence of treatment or failure to pursue more radical treatment to discount Plaintiff's reported limitations without first making a determination about whether the perceived lack of treatment is justified, and develop the record accordingly. *See* SSR 16-3p, 2016 WL 1119029, *8 (Mar. 16, 2016) ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints.").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 19th day of February, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record